FILED
OCT 27 2016
CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# United States Bankruptcy Court
## Northern District of Texas

In re Energy & Exploration Partners, Inc., et al.     Case No. 15-44931 (RFN)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. §1111 (a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

**Name of Transferee:**

National Union Fire Insurance Company of Pittsburgh, PA

**Name and Address where notices to transferee should be sent:**

National Union Fire Insurance Company of Pittsburgh, PA
c/o Diamond McCarthy LLP
489 Fifth Avenue, 21st Floor
New York, New York 10017
Attn: Adam L. Rosen

Last Four Digits of Acct #:_____
Phone: (212) 430-5400

**Name of Transferor:**

Diversified Lenders, Inc.

Court Claim # (if known): **272**
Amount of Claim: **$534,597.05**
Date Claim Filed: **March 14, 2016**
Diversified Lenders, Inc.
Mullin Hoard & Brown, LLP
Attn: M. Andrew Stewart
P.O. Box 2585
Lubbock, TX 79408

Last Four Digits of Acct #:_____
Phone: (806) 765-7491

Name and Address where transferee payments should be sent (if different from above):

Last Four Digits of Acct #:_____
Phone:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____     Date: October 26, 2016
Adam L. Rosen
**DIAMOND MCCARTHY LLP**
Attorneys for National Union Fire Insurance Company of Pittsburgh, PA

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

# United States Bankruptcy Court
## Northern District of Texas

In re Energy & Exploration Partners, Inc., et al.    Case No. 15-44931 (RFN)

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. <u>272</u> (if known) was filed under U.S.C. §1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on _____ (date).

**Name of Transferor:**

Diversified Lenders, Inc.

**Name of Transferee:**

National Union Fire Insurance Company of Pittsburgh, PA

**Address of Alleged Transferor:**

c/o Mullin Hoard & Brown, LLP
Attn: M. Andrew Stewart
P.O. Box 2585
Lubbock, TX 79408

**Address of Transferee:**

c/o Diamond McCarthy LLP
Attn: Adam L. Rosen
489 Fifth Avenue, 21st Floor
New York, New York 10017

---

### ~DEADLINE TO OBJECT TO TRANSFER~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____

**CLERK OF THE COURT**

## Release and Assignment Agreement

Insured: <u>Diversified Lenders, Inc.</u>
Policy Number: <u>8649-7015</u>
Claim Number: <u>344-002642-001</u>

WHEREAS, The National Union Fire Insurance Company of Pittsburgh, PA (the "Company") issued Insolvency Risk Insurance Factoring Form Policy No. <u>8649-7015</u> effective <u>May 1, 2015</u> to <u>May 1, 2016</u> (the "Policy"), to <u>Diversified Lenders, Inc.</u> (the "Insured");

AND WHEREAS, the Insured did submit a Claim under the Policy relating to certain of the Insured's transactions with <u>Energy & Exploration Partners Operating, LP and affiliated debtors</u> (hereafter the "Claim" and the "Buyer");

AND WHEREAS, the Policy includes a Buyer Limit for Eligible Receivables to the Buyer of up to US <u>$750,000</u>;

AND WHEREAS, the policy includes a Deductible of US <u>$0</u>;

AND WHEREAS, the policy includes an Insured Percentage of <u>90%</u> for Eligible Receivables relating to the Buyer;

AND WHEREAS, the Company agrees to pay USD <u>$458,367.80</u> for the Claim, calculated as follows (hereafter the "Claim Payment"):

| | |
|---|---|
| Claim | $534597.05 |
| Less post cease-ship invoices | $25,299.50 |
| Balance | $509,297.55 |
| Less Deductible | $0 |
| Balance | $509,297.55 |
| Insured Percentage | 90% |
| **Claim Payment** | **$458,367.80** |

NOW THEREFORE, in consideration of the Claim Payment, or any portion thereof, to the Insured by the Company:

1) The Insured on behalf of itself and any of its parent or affiliated or subsidiary entities, agents, employees, owners, managers, representatives, predecessors, divisions, beneficiaries, insurers and attorneys hereby fully releases the Company, the Company's parent or affiliated or subsidiary entities, agents, employees, owners, managers, representatives, partners, joint venturers, members, directors, officers, shareholders, assignors, assignees, predecessors, successors, divisions, beneficiaries and reinsurers from any and all debts, claims, demands, damages, liabilities, obligations, and/or losses, actions and causes of action of whatsoever character and description whether known or unknown, direct or indirect, fixed or contingent, asserted or unasserted which the Insured ever had, now has or hereafter can, shall or may have, for, upon, or by reason of a loss arising out of the Claim;

Release and Assignment Agreement
Insured: <u>Diversified Lenders, Inc.</u>
Policy Number: <u>8649-7015</u>
Claim Number: <u>344-002642-001</u>
Page 2 of 3

2) The Insured does hereby assign, transfer and set over to the Company, their successor and assigns, all sums of money now due, or to become due from the Buyer identified herein, arising from the Claim and any and all contracts, security and evidences of indebtedness, to have and to hold the same, with full power to collect and enforce the same, for their own use and benefit by any action or proceeding in the name of the Insured or otherwise, and to take all legal steps as they deem proper or necessary in connection herewith, and will share recoveries as provided for in the terms and conditions of the Policy.

3) All sums received from the Buyer or any other party as or toward payment of the Buyer's indebtedness to the Insured, and all sums received from any other party to acquire the rights to the Buyer's indebtedness, shall immediately be paid to the Company and shared at the Insured Percentage until the amount of the Claim Payment and the Company's costs of recovery are fully reimbursed, all further sums to inure to the benefit of the Insured;

4) The Insured hereby agrees to provide all reasonable cooperation to the Company with respect to any attempt the Company may make to sell, collect and/or enforce the Buyer's indebtedness. The Insured shall do everything that may be reasonably necessary to allow the Company to sell, collect and/or enforce the Buyer's indebtedness, including, but not limited to, executing all papers furnished by the Company, the Buyer, or a third party which are required or necessary to enable the Company to effectively bring suit in the name of the Insured or sell the indebtedness. By executing this release and assignment, the Insured hereby authorizes the Company to execute all documents that may be necessary to pursue said Buyer indebtedness or to assign, sell, or transfer the indebtedness;

5) The Insured hereby agrees to forward to the Company any notice from the Buyer, the Buyer's Receiver(s), Trustee(s), the Court, or other duly constituted authority, of the acknowledgment of a Loss within Thirty (30) business days of receipt; regardless of whether or not these amounts are different from the amounts of accounts receivable that the Insured believes are owed or has filed under the Claim;

6) The Insured hereby represents that it has not assigned, sold, or transferred in any way whatsoever any of its rights, privileges and claims with respect to the debts;

7) The Insured hereby represents and warrants that it has good and valid legal title to the rights, privileges and claims which are the subject of this release and assignment, and that the claims of the Insured against the Buyer are not subject to offset or counter claim;

8) The Insured hereby agrees to refund the Claim Payment to the Company upon request should any legal action settle in full or partial favor of the Buyer, or should dispute or any issue raised by the Buyer regarding claims of the Insured against the Buyer remain unresolved two years of this signed and dated Release;

Release and Assignment Agreement
Insured: Diversified Lenders, Inc.
Policy Number: 8649-7015
Claim Number: 344-002642-001
Page 3 of 3

9) The Insured certifies that it has not granted or paid, agreed to grant or pay or caused to be granted or paid to the Buyer or to any other person or entity any discount, allowance, rebate, commission, fee or other payment in connection with the Claim of the Insured against the Buyer;

This Release may not be changed orally.

**Diversified Lenders, Inc.**

IN WITNESS THEREOF, the Insured has caused this instrument to be signed and sealed this _Sixth_ Day of _September_, 20_16_.

By: _____
Authorized Representative

Name: _Keith Mann_

Title: _CEO_